UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YOANDRY R.Z.,[1]
A-Number: 201-496-851,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondents.

No. 1:26-cv-05624-KES-EGC (HC)

**FINDINGS AND RECOMMENDATIONS TO GRANT MOTION TO DISMISS, DENY WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS, AND DENY MOTION FOR IMMEDIATE RELEASE**

(Docs. 1, 2)

[14-DAY DEADLINE]

## I. INTRODUCTION

Petitioner Yoandry R.Z. is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). He challenges his continued detention by U.S. Immigration and Customs Enforcement ("ICE") without an individualized bond hearing and seeks immediate release or, alternatively, a bond hearing before an immigration judge. (Docs. 1, 2). Respondents filed a motion to dismiss. (Doc. 8). For the reasons set forth below, the undersigned recommends that the petition (Doc. 1) be **DENIED WITHOUT PREJUDICE**, that the motion for immediate release (Doc. 2) be **DENIED**, and that the motion to dismiss (Doc. 8) be

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

**GRANTED.**

## II. BACKGROUND

### A. Petitioner's Immigration and Criminal History

Petitioner is a native and citizen of Cuba. (Doc. 8-1 at 1–2). On December 18, 2018, he requested asylum at the Paso Del Norte Port of Entry in El Paso, Texas. (*Id.* at 3). He was processed on a Form I-860 with a credible fear referral, and was paroled into the United States from the Otero County Processing Center. (*Id.* at 2-3). On January 10, 2019, USCIS found his fear credible and referred the case to the Executive Office for Immigration Review. (*Id.* at 3).

On October 4, 2019, Petitioner was ordered removed in absentia. (*Id.*). A motion to reopen was granted on November 15, 2023, and those removal proceedings were terminated without prejudice the same day. (*Id.*).

On June 14, 2021, Petitioner filed a Form I-485 seeking adjustment of status under section 1 of the Cuban Adjustment Act. (Doc. 1 at 9). USCIS denied the application on April 30, 2024, as abandoned, based on his failure to respond to a Request for Evidence. (*Id.* at 9-10).

On April 15, 2026, ICE arrested Petitioner upon his release from the Travis County Correctional Complex. (Doc. 8-1 at 2). That same day, DHS served him with a Notice to Appear charging removability under Immigration and Nationality Act section 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I). (Doc. 8-2). The Notice to Appear set an initial hearing for April 29, 2026, at the immigration court in Pearsall, Texas. (*Id.* at 1). Petitioner has been detained at the California City Immigration Processing Center presumably since the ICE arrest, and Respondents represent that removal proceedings remain pending (Doc. 8 at 1 n.1).

Exhibit 3 to Respondents' motion is a multi-source criminal history record. (Doc. 8-3). As relevant here, it reflects a February 2022 arrest by the Temple Police Department for credit or debit card abuse, Tex. Penal Code § 32.31, resulting in an August 16, 2023 conviction, with two years' confinement suspended and five years' probation. (*Id.* at 8-9). It further reflects a December 2023 deferred adjudication for violation of motor fuel tax requirements, with five years' probation and a $3,000 fine (*id.* at 12); and an April 13, 2026 arrest by the Austin Police Department for possession of a controlled substance, which remains pending (*id.* at 14). Petitioner was released on bond on

the pending charge on April 14, 2026, and was taken into ICE custody the following day. (Doc. 8-1 at 3).

**B. This Action**

Petitioner filed the instant petition and an accompanying motion for immediate release on July 20, 2026. (Docs. 1, 2). On July 22, 2026, the undersigned ordered Respondents to show cause why the petition should not be granted, directed Respondents to address how the issues presented differ from those resolved in the Court's prior orders, and permitted Petitioner to file a traverse within seven days of the response. (Doc. 5). On August 10, 2026, Respondents filed a motion to dismiss. (Doc. 8). No traverse has been filed.

## III. DISCUSSION

**A. Jurisdiction**

A district court may entertain a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020). The Supreme Court has confirmed that federal courts have jurisdiction to review a constitutional challenge to a noncitizen's detention. *See Demore v. Kim*, 538 U.S. 510, 517 (2003). Petitioner is detained at the California City Detention Facility in California City, California, within this judicial district, and he challenges the constitutionality of his detention. Jurisdiction is therefore proper.

**B. Petitioner Is Subject to Mandatory Detention Under 8 U.S.C. § 1226(c)(1)(a)**

Respondents first contend that Petitioner, having been paroled rather than admitted, remains an "applicant for admission" under 8 U.S.C. § 1225(a)(1) and is therefore subject to mandatory detention under section 1225(b)(2)(A). (Doc. 8 at 1-2). They acknowledge *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026), but seek to distinguish it on the ground that Petitioner was processed under section 1225(b)(1), paroled, and subsequently redetained. (*Id.* at 1).

That distinction does not hold on this record. *Rodriguez Vazquez* forecloses the proposition

that a noncitizen arrested in the interior long after entry is detained under section 1225(b)(2) rather than section 1226. *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). Respondents' attempted distinction turns on Petitioner's status as an "arriving alien," but Respondents' own evidence is inconsistent on that point: the Form I-213 describes Petitioner as "an alien present in the United States without being admitted or paroled or who arrived in the United States at a time or place other than as designated by the Attorney General" (Doc. 8-1 at 2), which describes the population addressed in *Rodriguez Vazquez*. Respondent's contention that Petitioner is subject to mandatory detention under section 1225(b)(2) should be rejected.

Respondents alternatively invoke section 1226(c)(1)(A), which mandates detention of a noncitizen who "is inadmissible by reason of having committed any offense covered in section 1182(a)(2)." 8 U.S.C. § 1182(a)(2)(A)(i) states "…any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of" a crime involving moral turpitude ("CIMT") is inadmissible. "While there is no federal statutory definition of a CIMT, we have defined it as involving 'either fraud or base, vile, and depraved conduct that shocks the public conscience.'" *Ortiz v. Garland*, 25 F.4th 1223, 1227 (9th Cir. 2022) (citation omitted).

Respondents contend that Petitioner's 2023 conviction under Tex. Penal Code § 32.31 is a CIMT within section 1182(a)(2)(A)(i)(I). (Doc. 8 at 2). While the record is unclear as to which subsection of section 32.31 Petitioner was convicted, as Respondents pointed out, each subsection of section 32.31 involves some form of fraud or dishonesty. Further, the Ninth Circuit has held credit card fraud to be a CIMT. *See Balogun v. Gonzales*, 126 F. App'x 874 (9th Cir. 2005) (holding that conviction of credit card fraud was a crime of moral turpitude). Accordingly, Petitioner is subject to mandatory detention under section 1226(c)(1)(A) and is therefore ineligible for a bond redetermination before an immigration judge.

**C. Petitioner's As-applied Due Process Claim Fails at This Stage**

Petitioner claims that his continued detention without an individualized hearing at which the Government bears the burden by clear and convincing evidence violates the Fifth Amendment. (Doc. 1 at 2).

The Fifth Amendment's Due Process Clause provides that no person shall be "deprived of life, liberty, or property, without due process of law." "It is well established that the Fifth Amendment entitles aliens to due process of law" in removal proceedings, *Reno v. Flores*, 507 U.S. 292, 306 (1993), and "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). At the same time, "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 531.

In *Demore*, the Supreme Court sustained such detention under section 1226(c) on the understanding that it lasts only "for the brief period necessary for [the noncitizen's] removal proceedings," relying on data reflecting detention averaging approximately a month and a half, and approximately four months in the minority of cases involving an appeal to the Board of Immigration Appeals. *Demore*, 538 U.S. at 513, 529-31. As discussed above, *Demore* does not, however, foreclose a Due Process Clause challenge where detention extends well beyond the period the Court contemplated. *See id.* at 532-33 (Kennedy, J., concurring) (a detainee "could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified").

Under section 1226(c), there is no bright-line rule fixing the point at which detention becomes unreasonable. *See Jennings v. Rodriguez*, 583 U.S. 281, 297-303 (2018); *see also Gonzalez v. Bonnar*, No. 18-cv-05321-JSC, 2019 WL 330906, at *2 (N.D. Cal. Jan. 25, 2019). Where a Due Process Clause challenge is presented, courts evaluate the claim under the balancing framework of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), weighing the private interest at stake, the risk of erroneous deprivation of that interest, and the Government's interest. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *Diep v. Wofford*, No. 1:24-cv-01238-SKO, 2025 WL 604744 (E.D. Cal. Feb. 25, 2025). Applying that framework to immigration detention, the Ninth Circuit has identified as relevant the duration of detention to date, the anticipated duration of future detention, delays attributable to either party, and the likelihood that the proceedings will result in a final removal order. *Rodriguez Diaz*, 53 F.4th at 1207-08.

Petitioner has been detained since April 15, 2026, approximately four months. That period

is approximately near the period *Demore* identified as the ordinary duration of detention during removal proceedings, including those involving an administrative appeal. 538 U.S. at 529-31.

The posture of the proceedings likewise does not yet suggest indefinite detention. Neither party has advised the Court of the current status of Petitioner's removal proceedings or of any scheduled hearing dates, and Respondents do not contend that proceedings are near conclusion. On this record, the undersigned cannot find that Petitioner's detention is likely to extend indefinitely, nor that it is likely to end imminently.

Further, there is no indication that Petitioner has engaged in bad-faith delay, and a noncitizen is not penalized for pursuing available relief. Neither is there any indication of dilatory conduct by the government.

Weighing these considerations, the Court finds that Petitioner's detention has not yet become so prolonged as to require an individualized bond hearing as a matter of due process. However, the undersigned's recommendation of denial rests on duration, and duration changes. Therefore, the undersigned recommends the petition (Doc. 1) be DENIED WITHOUT PREJUDICE so that Petitioner may return to this Court if his detention continues to lengthen without resolution of his removal proceedings.

**D. Motion for Immediate Release**

Petitioner separately moves for immediate release or, in the alternative, for a bond hearing. (Doc. 2). The alternative request is coextensive with the relief sought in the petition and is addressed above. As to immediate release, even a meritorious prolonged-detention claim would warrant an individualized hearing rather than an order of release, leaving the custody determination to the immigration judge in the first instance. The undersigned further notes that the petition's assertions that Petitioner "has no criminal history" and "no criminal record" (Doc. 1 at 2) are inconsistent with the record. (Doc. 8-3). The motion should be denied.

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (Doc. 1) be **DENIED WITHOUT PREJUDICE**;

2. The motion for immediate release (Doc. 2) be **DENIED**; and,

3. The motion to dismiss (Doc. 8) be **GRANTED**.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id.* The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **August 26, 2026**

Erin Sug Castillo

UNITED STATES MAGISTRATE JUDGE